**FILED**

**April 28, 2023**

released at 3:00 p.m.

EDYTHE NASH GAISER, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

No. 21-0764 – *State of West Virginia v. Aaron Glenn Hoard*

Wooton, Justice, concurring:

I concur in the Court's judgment because I believe that this case presents the rare instance in which the doctrine of harmless error can properly be applied to uphold the validity of a conviction despite the denial of a criminal defendant's constitutional rights – in this case, the right to silence as guaranteed by the fifth amendment to the United States Constitution and by article III, sections 5, 10, and 14 of the West Virginia Constitution.

In my view, this was a very close case. It is so well established that "it is reversible error for the prosecutor to cross-examine a defendant in regard to his pre-trial silence or to comment on the same to the jury[,]" Syl. Pt. 1, in part, *State v. Walker*, 207 W. Va. 415, 533 S.E.2d 48 (2000) (citing Syl. Pt. 1, *State v. Boyd,* 160 W.Va. 234, 233 S.E.2d 710 (1977)), that I am amazed at the prosecutor's stubborn insistence that she had the right to do exactly that. Further, I cannot understand the circuit court's refusal to take any action when defense counsel objected. Although it was within the court's discretion to deny the motions for mistrial, the court's failure to sustain the objections, or to offer to instruct the jury to disregard the prosecutor's improper comment in opening statement and her improper question on cross examination of the petitioner, or even to tell the prosecutor to knock it off, exceeded the outer limits of that discretion.

1

In short, the error here was clear. The petitioner's constitutional rights were violated – twice. Defense counsel made specific, contemporaneous objections both times the prosecutor crossed the constitutional line. The circuit court failed to take any corrective action. Thus, the only question on appeal is whether the error was harmless beyond a reasonable doubt. *See State v. Blair*, 158 W. Va. 647, 659, 214 S.E.2d 330, 337 (1975) ("appellate courts are not bound to reverse for a technical violation of a fundamental right.").

In harmless error analysis, all roads lead to *Chapman v. California*, 386 U.S. 18 (1967), where the United States Supreme Court surveyed state and federal case law and statutes defining the doctrine and formulating various tests to determine its applicability. Having done so, the Court observed that

> [a]ll of these rules, state or federal, serve a very useful purpose insofar as they block setting aside convictions for small errors or defects that have little, if any, likelihood of having changed the result of the trial. We conclude that there may be some constitutional errors which in the setting of a particular case are *so unimportant and insignificant* that they may, consistent with the Federal Constitution, be deemed harmless*,* not requiring automatic reversal of the conviction.

386 U.S. at 22 (emphasis added); *see also O'Neal v. McAninch*, 513 U.S. 432, 437-38 (1995) ("If, when all is said and done, the [reviewing court] ... is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand[.] . . . But if one cannot say, with fair assurance, after pondering all that happened without

stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.") (quoting *Kotteakos v. United States,* 328 U.S. 750, 764–65 (1946)).

However, post-*Chapman* analysis in federal and state cases, including cases decided by this Court, have routinely applied the harmless error doctrine to constitutional errors that are, in my view, far from "unimportant and insignificant," and in cases where those errors could well have influenced the jury. *See*, *e.g.*, *State v. A.B.*, 247 W. Va. 495, 881 S.E.1d 406 (2022) (harmless error applied where defendant was forced to go to trial with counsel who had an actual conflict of interest, as well as to claims of ineffective assistance of counsel and a possible *Brady*[1] violation); *State v. Jako*, 245 W. Va. 625, 862 S.E.2d 474 (2021) (confrontation clause violation); *State v. Delorenzo*, No. 21-0456, 2022 WL 17038560 (W. Va. Nov. 17, 2022) (memorandum decision) (exclusion of relevant expert testimony supporting defendant's sole defense). Indeed, the expansion of the harmless error doctrine, which is now routinely applied to both constitutional and non-constitutional error, great or small, has led me to characterize the doctrine as a "magic

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

wand that seemingly makes all constitutional violations disappear." *Edwin W. v. Mutter*, No. 21-0419, 2023 WL 356199, at *3 (W. Va. Jan. 23, 2023) (memorandum decision) (Wooton, J., dissenting).

All this being said, as noted *supra* I believe that the errors in this case – two separate comments by the prosecutor on the petitioner's pre-trial silence – although clear errors, and with a significant potential for prejudice,[2] were harmless under the facts and circumstances of this case. Following three days of jury selection, the petitioner's trial continued for five more days. The evidentiary portion of the trial transcript alone contains more than 1,600 pages. Within those 1,600 pages are the two comments at issue, the first a statement made during the State's opening statement, 13 words in length ("The one interview we didn't get was with Aaron Hoard or his girlfriend[,]") and the second a question posed to the petitioner, 8 words in length ("But you never told police that, did you?). The prosecutor didn't follow up on either statement at the time or, critically, in either portion of her closing argument. *See* Syl. Pt. 4, in part, *State v. Mills*, 211 W. Va. 532, 566 S.E.2d 891 (2002) ("Remarks made by the State's attorney in closing argument which make specific reference to the defendant's failure to testify, constitute reversible error and

_____

[2] The second comment in particular would suggest to the jury that an innocent man, a man who testified unequivocally that "I didn't murder [the victim]," would *surely* have professed his innocence to the police.

defendant is entitled to a new trial.") (citation omitted)). Additionally, the State's evidence was strong,[3] and the petitioner had a full and fair opportunity to put on his defense.

For all of these reasons, I concur with the majority's determination that although the prosecutor's comments on the petitioner's pre-trial silence were error, the error was harmless under the rigorous analysis established in *Chapman*. The prosecutor in this case crossed the constitutional line – twice – but under the unique facts and circumstances presented here, I do not believe that the errors could have had a substantial influence on the jury's decision. *O'Neal*, 513 U.S. at 438.

---

[3] I would not, however, join in the majority's characterization of the evidence as "overwhelming," because the events of November 3, 2019, were subject to differing inferences and interpretations by the factfinders. In that regard, the jury, which had the opportunity not only to hear the evidence but also to observe the demeanor of the witnesses, found the evidence sufficient beyond a reasonable doubt to convict. I can find no reason to second-guess that finding.